

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable C. Woodrow Laughlin
County Attorney
Jim Wells County
Alice, Texas

Dear Sir:

Opinion No. 0-1508
Re: Is the clerk allowed to check
any pleadings out of his of-
fice that were filed prior to
the effective date of Articles
2002a, 2002b, and 2002c, Re-
vised Civil Statutes? If so,
is there any distinction be-
tween closed and current cases?

Your letter of September 27, 1939, contains the
following request for an opinion from this Department:

"Under Articles 2002a, 2002b and 2002c of
the Revised Civil Statutes with regard to the
preservation of pleadings, I would like to have
your opinion upon the following questions:

"1. Is the Clerk allowed to check any plead-
ings out of his office that were filed prior to
the effective date of this act?

"2. If so, is there any distinction between
closed and current cases?"

Article 2002a, Revised Civil Statutes, being Sec-
tion 1 of House Bill No. 105, 46th Legislature, Acts 1939,
provides:

"Whenever any party files a pleading of any
character, he shall at the same time either de-
liver to the adverse party, or deposit with the

Honorable C. Woodrow Laughlin, Page 2

Clerk for the adverse party, a copy of such pleading, which copy shall not be filed by the Clerk. All filed pleadings shall remain at all times in the Clerk's office or in the Court or in custody of the Clerk, except that the Court may by order entered on the Minutes allow a filed pleading to be withdrawn for a limited time whenever necessary, on leaving a certified copy on file. The party withdrawing such pleading shall pay the costs of such order and certified copy."

Sections 2 and 3, of the Act, incorporated in Vernon's Revised Civil Statutes, as Articles 2002b and 2002c, pertain only to the number of copies of pleadings required to be filed and furnished to adverse parties and further, that any parties failing to comply with the Act, upon notice shall be subject to contempt.

The above mentioned statutes, being procedural in their nature, provide rules and regulation in the matter of filing and withdrawing pleadings in district and county courts. On examining the caption of the Bill, we find that same reads, in part, as follows:

"An Act to preserve pleadings by making just and convenient regulation to such end;" * *"

The word preserve, presupposes a condition existing in the past as well as in the future, endangering the safe keeping and preservation of such records.

"The word 'preserve' means to keep; to procure; to uphold; and when used in a statute intended to preserve the public peace, it means to secure that quiet order and freedom from agitation or disturbance which is guaranteed by the laws. Neuendorff v. Duryea (N. Y.) 52, How. Prac. 267, 69." - Words and Phrases, Vol. 6, p. 5533.

Webster's New International Unabridged Dictionary, Second Edition, defines the word "preserve," "as "to keep in existence or intact; as, to preserve records, old customs or one's good name."

It will be noted that the language in the latter portion of Article 2002a, supra, with reference to all pleadings, is used with the past tense, providing "All filed

Honorable C. Woodrow Laughlin, Page 3

pleadings shall remain at all times in the Clerk's office or in the Court or in the custody of the Clerk, except that the Court may by order entered on the Minutes allow a filed pleading to be withdrawn for a limited time whenever necessary, on leaving a certified copy on file." It is evident by the foregoing language that the Legislature did not intend to draw any distinction between closed and current cases. Provision is made for withdrawing such pleadings in either case.

It is, therefore, the opinion of this department that the clerk of a district or county court is not allowed to check any pleadings out of his office, regardless of the date same were filed or whether closed or current cases, except in compliance with the provisions of 2002a, 2002b and 2002c, Vernon's Annotated Revised Civil Statutes, 1925.

Trusting the above answers your request, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Wm. J. R. King
Assistant

WRK:LM

APPROVED OCT 11, 1939

*Acting*

ATTORNEY GENERAL OF TEXAS